UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAUL RIVERA CHAVEZ,

Plaintiff,

v.

JUDGE STEPHEN MANLEY, et al.,

Defendants.

Case No. 26-cv-00201-JD

**ORDER RE DISMISSAL**

Re: Dkt. No. 16

Plaintiff, a state detainee, filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**STANDARD OF REVIEW**

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court will identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings are liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff names as defendants a federal judge, several state judges, and the Social Security Administration. He seeks to be released from custody and for money damages. "'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Id*.

Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" *Skinner*, 562 U.S. at 533-34 (quoting *Wilkinson*, 544 U.S. at 82).

Plaintiff's complaint is difficult to understand. He bounces between a 1991 conviction, a violation of probation, and a new arrest and prosecution. He names several judges without any apparent purpose. He also describes issues related to the conditions of his confinement, though the Court cannot discern any specific claims.

United States District Court
Northern District of California

The complaint is dismissed with leave to amend to provide more information.  To the extent plaintiff seeks to be released from custody he should file a separate habeas case.  He cannot seek habeas relief in the same action that he seeks relief pursuant to 42 U.S.C. § 1983.  In an amended complaint, plaintiff must identify specific defendants and describe how they violated his rights at Santa Clara County Jail.  He must include all his allegations in one amended complaint.  Allegations regarding conditions at his former Texas prison must be submitted in a separate case in Texas.

To the extent he seeks money damages against the federal and state judges, such claims are dismissed without leave to amend.  A federal judge is absolutely immune from civil liability for acts performed in his judicial capacity.  *See Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996).  This immunity is for money damages and declaratory, injunctive and other equitable relief. *Id*.  A state judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity.  *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983).  Judicial immunity is an immunity from suit for damages, not just from an ultimate assessment of damages.  *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

## CONCLUSION

1.      Plaintiff's miscellaneous motion (Dkt. No. 16) is denied.  The complaint is dismissed with leave to amend.  The amended complaint must be filed within twenty-eight (28) days of the date this order is filed and must include the caption and civil case number used in this order and the words Amended Complaint on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to amend within the designated time may result in the dismissal of this action.

2.      It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of

United States District Court
Northern District of California

3

Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 25, 2026

_____
JAMES DONATO
United States District Judge

4